**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | **CASE NO.: 1:20-CR-00478** |
| ) | |
| v. ) | **JUDGE DAN A. POLSTER** |
| ) | |
| **KEVIN M. KRANTZ ET AL,** ) | |
| ) | |
| Defendant. ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Defendant Kevin Krantz's Motion for Bill of Particulars (ECF Doc. 31) and Motion for Disclosure of Grand Jury Transcripts (ECF Doc. 32). For the following reasons, Krantz's Motions are **DENIED**.

### I.   BACKGROUND

On September 3, 2020, Defendant Kevin Krantz was indicted for mail fraud, wire fraud, and conspiracy to commit mail fraud and wire fraud. ECF Doc. 1. A federal grand jury returned an indictment on these counts against Krantz as well as two Co-Defendants, Raymond A. Erker and Tara M. Brunst. *Id*. Krantz entered a plea of not guilty on September 22, 2020. Discovery was provided by the United States on October 8 and October 20, 2020. ECF Doc. 33.

On March 15, 2021, Krantz's counsel filed a Motion for Bill of Particulars (ECF Doc. 31) as well as a Motion for Disclosure of Grand Jury Transcripts (ECF Doc. 32). The government filed responses in opposition to both Motions on March 29, 2021. ECF Docs. 34-35. On April 5, 2021, Krantz's attorney filed replies to the government's responses. ECF Docs. 36-37.

1

## II. DISCUSSION

### A. Bill of Particulars

Krantz moves that the Court order the government to provide a bill of particulars in order to obtain basic information needed to assist in his defense of the charges in the Indictment, to protect against surprise at trial, and to avoid a double jeopardy violation. Krantz contends that these particulars are necessary because the records produced in discovery are factually inconsistent with the allegations in the Indictment. The government responds that the Indictment and the government's discovery responses provide Krantz with sufficient details as to the charges against him, enabling him to prepare a defense as well as avoid prejudicial surprises at trial and double jeopardy. The Court agrees with the government.

The granting of a motion for a bill of particulars filed pursuant to Rule 7(f), Fed. R. Crim. P. is within the sound discretion of the trial court. *See United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *see also United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) The function of a bill of particulars are: (1) to ensure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same defense "when the indictment itself is too vague and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *see also United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979). A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375.

It is also relevant for the Court to consider that "once a bill of particulars is filed, it confines the Government's evidence to the particulars furnished, and therefore restricts the Government's

proof." *United States v. Martin*, No. 86-1663, 1987 WL 38036, at *2 (6th Cir. Jul. 4, 1987). The courts, in ruling upon a motion for a bill of particulars, should accordingly balance the defendant's need for the information against the effect of narrowing the Government's scope of proof.

In this instant case, the government represents, and Krantz does not dispute, that it provided thousands of pages of relevant discovery material relating to Krantz's charges. Instead, Krantz asserts that the records provided do not support the allegations in the Indictment. However, the Sixth Circuit has established that the test for determining whether a bill of particulars should be issued is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *See Martin*, 1987 WL 38036, at *3 (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). After careful review, the record is clear that the Indictment provides explicit details regarding the alleged crimes including the dates, location, and the alleged misconduct.

The Indictment alleges that Krantz was the chief financial officer for the Sageguard entities and owned an interest in the Sageguard entities since July 1, 2016. Count One of the Indictment alleges in a detailed manner a conspiracy involving Krantz and the other defendants to cause interstate wires and transfers of investor funds to the Sageguard entities, furthering a Ponzi scheme. Particularly, as it relates to Krantz, the Indictment alleges that he caused interstate wires and transfers of investor funds from another account to the Sageguard entities, to Co-Defendant Erker's bank account, and to pay prior investors. Count One contains 23 paragraphs detailing the timeframe, manner and means of the conspiracy, the alleged acts and amounts received in further of the conspiracy, and the alleged objective of the conspiracy. *See Salisbury*, 983 F.2d at 1375 (the existence of a detailed indictment is one factor in determining whether to grant a motion for a bill of particulars). Likewise, Count Two of the Indictment provides Krantz with the date, method,

sender/recipient location, and description of the content that was mailed constituting a violation of 18 U.S.C. 1341 and 2. The same is true for Counts three (3) through fifteen (15).

Furthermore, Krantz provided no evidence of what a bill of particulars would reveal, outside of his speculation that it would correct inconsistencies in the government's case. Even assuming, *arguendo*, that the indictment was unclear, the discovery afforded to Krantz is sufficient to obviate the need for a bill of particulars. Krantz's contentions that the government's discovery is inconsistent with the Indictment and that it does not indicate that Krantz performed the alleged acts in the Indictment are arguments that can be made at trial. Given the extensive discovery provided and the detailed Indictment, Krantz's motion for a bill of particulars is **DENIED**.

### B. Disclosure of Grand Jury Transcripts

For the same reasons stated above, Krantz requests the Court to order the complete disclosure of the grand jury transcripts relating to Krantz's Indictment, including any and all transcripts of statements made by the government to the grand jury. Specifically, Krantz contends that there are material factual inaccuracies throughout the Indictment and discovery material. Krantz asserts that a review of the grand jury transcripts will assist in determining whether an actionable error was committed and whether further motions are necessary. Disclosures of grand jury matters to defense counsel are governed by Rule 6(e)(3)(E). That section provides that, in relevant part:

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
> 
> (i) preliminarily to or in connection with a judicial proceeding;
> 
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

*See* Fed. R. Crim. P. 6(e)(3)(E). There is a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *See United States V. Procter,* 356 U.S. 677, 681, 78 S. Ct. 983 (1958). A party seeking disclosure of grand jury transcripts material "must

demonstrate a particularized need." *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 228, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979). To meet the standard for a particularized need, "a party must establish that: (1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed." *Id*. at 222. District court has considerable discretion in determining whether to require disclosure of grand jury proceedings. *See id*. at 223.

As mentioned above, it appears that Krantz has obtained a wealth of information through discovery – apparently, so much that Krantz has already started to highlight inconsistencies in the government's Indictment. Notably, Krantz does not describe with any specificity what possible injustice would occur without the grand jury transcript. *See United States v. Ferguson*, 844 F. Supp. 2d 810, 829 (E.D. Mich. 2012) ("A general claim that disclosure of grand jury transcripts would reveal exculpatory evidence is not sufficient to satisfy the requirement of a showing of a particularized need"). Likewise, Krantz has not set forth any grounds upon which to dismiss the indictment or what disclosure of the grand jury transcripts might reveal. As such, he has not overcome the need for secrecy of grand jury proceedings. *See Douglas Oil*, 441 U.S. at 219 ("[I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements."). Notably, Krantz is protected by *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), which provides a post-trial remedy for any Government failure to disclose exculpatory material. Lastly, Krantz's request is exceedingly broad and certainly does not narrowly tailor his request to

provide only the material(s) needed, but rather requests copies of any and all grand jury transcripts. Accordingly, Krantz's Motion for Disclosure of Grand Jury Transcripts is **DENIED**.[1]

### III.     Conclusion

For the above reasons, Kevin Krantz's Motion for Bill of Particulars (ECF Doc. 31) and Motion for Disclosure of Grand Jury Transcripts (ECF Doc. 32) are hereby **DENIED.**

**IT IS SO ORDERED.**

                                                                        */s/ Dan Aaron Polster April 13, 2021*
                                                                        **Dan Aaron Polster**
                                                                        **United States District Judge**

---

[1] Krantz is not precluded from ever seeing grand jury testimony, since under the Jencks Act, and 26.2(a) of the Federal Rule of Criminal Procedure, a defendant has the right to discover the statements of a witness after he or she testifies, to the extent the testimony relates to the subject of his or her testimony at trial. Such "statements" include grand jury transcripts or records. *See* 18 USC § 3500(e)(3) and Rule 26.2(f)(3); *see also United States v. Short*, 671 F.2d 178, 187 (6th Cir. 1982).